**J. Gregg CLENDENIN, KBA Member No. 12775, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2003–SC–0526–KB.**

Supreme Court of Kentucky.

Sept. 18, 2003.

*OPINION AND ORDER*

On May 31, 2002, the Kentucky Bar Association (KBA) charged Movant, J. Gregg Clendenin, with four counts of unethical behavior and unprofessional conduct. The charge alleged that Movant

violated: (1) SCR 3.130–1.15(a) when he failed to deposit a retainer fee paid by his client into an account separate from his own; (2) SCR 3.130–1.15(b) when he failed to promptly return, upon request of his client, an unearned fee after the termination of the attorney-client relationship; (3) SCR 3.130–1.16(d) by failing to adequately protect the interests of his former client after the termination of the attorney-client relationship when he did not promptly return the unearned fee; and (4) SCR 3.130–3.4(c) when he failed to comply with an order from the Fayette District Court ordering him to produce certain documents to the grandmother of his former client as part of a civil suit filed against him. He now moves this Court to publicly reprimand him for Counts I through III of the charge but to dismiss Count IV. The KBA does not object to this motion. Thus, we grant Movant's motion for a public reprimand on Counts I through III and a dismissal of Count IV.

On June 30, 1998, Ozella Dyer paid Movant $3,000.00 to represent her grandson, Tanu Dyer, in a criminal matter in Fayette Circuit Court. Movant briefly represented Mr. Dyer until he learned that a federal detainer had been lodged against Mr. Dyer and that his case was being transferred to federal court. After being contacted by Movant, Mr. Dyer terminated the attorney-client relationship and requested the return of any unearned fees. At that time, Movant offered, but did not tender, a partial refund of the fee.

On March 8, 1999, Ms. Dyer sued Movant in Fayette District Court, for a refund of the entire fee paid to him. After he failed to produce certain documents during discovery, Ms. Dyer filed a motion for sanctions in the Fayette District Court. On September 2, 1999, Movant failed to appear at a hearing to explain his noncompliance with the discovery requests, and the District Court entered a default judgment against him for $3,050.00 plus twelve percent interest and court costs. Movant has yet to pay the judgment. On May 31, 2002, the Inquiry Commission issued a complaint that charged him with four counts of unethical conduct.

Count I charges Movant with violating SCR 3.130–1.15(a), which requires an attorney to keep property of clients or third persons in a separate account. This charge stems from Movant's failure to return the $3,000.00 due to Ms. Dyer, representing the amount of the unearned fee previously paid to him. The Inquiry Commission held that this amount did not constitute a "non-refundable" retainer fee under the criteria established by KBA ethics opinion 380, because no written fee agreement existed between Movant and his client that fully explained the fee arrangement. Thus, SCR 3.130–1.15(a) required Movant to deposit the retainer in an escrow account separate from his own personal funds. Movant failed to do so.

Count II alleges that Movant violated SCR 3.130–1.15(b) because he failed to promptly deliver the aforementioned unearned fee to Ms. Dyer upon the termination of his attorney-client relationship with Mr. Dyer.

Count III alleges that Movant violated SCR 3.130–1.16(d) by failing to "take steps to the extent reasonably practicable to protect [his] client's interests," because he failed to promptly return the unearned fee.

Finally, Count IV charged Movant with a violation of SCR 3.130–3.4(c) because he "knowingly or intentionally" disobeyed an order of the Fayette District Court to produce certain documents to Ms. Dyer as part of her discovery request.

Upon the foregoing facts and charges, and in the absence of an objection by the

860

KBA, Movant's motion is granted and it is ordered that:

1. Movant is publicly reprimanded for his violation of SCR 3.130–1.15(a), (b), and SCR 3.130–1.16(d).

2. Movant pay Ozella Dyer the judgment entered against him by the Fayette District Court on September 2, 1999, in the amount of $3,050.00, plus twelve percent interest and court costs within one year of the date of this Opinion and Order. The first payment of $762.50 is due within three months after the entry of this order with a like payment due every three months thereafter until the principal is paid in full. Interest and costs shall be paid in full one year from the date of this order.

3. Movant, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $46.47, and for which execution may issue from this Court upon finality of this Opinion and Order.

4. If Movant fails to comply with the terms of this Opinion and Order, the Court shall, upon motion by the KBA, convert this Public Reprimand into a sixty-one (61) day suspension from the practice of law.

5. Count IV of the Inquiry Commission's complaint is dismissed.

All concur.

ENTERED: September 18, 2003

/s/ Joseph E. Lambert
CHIEF JUSTICE